UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACQUELINE TRASK,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO HUMAN RIGHTS COMMISSION,<br><br>Defendant. | Case No. 1:23-cv-00443-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Jacqueline Trask's Amended Complaint (Dkt. 5). The Court has already granted her request to proceed in forma pauperis. *See Order*, Dkt. 4. Because she is proceeding in forma pauperis the Court may "dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(b). For the reasons discussed below, Ms. Trask's Complaint is dismissed without prejudice and without leave to amend.

## LEGAL STANDARD

Because Ms. Trask is proceeding in forma pauperis, the Court will screen

MEMORANDUM DECISION AND ORDER - 1

the Complaint under 28 U.S.C. § 1915. The Court must dismiss a case if it determines that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see also O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008). During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—represented or not—must articulate their claims clearly and allege facts sufficient to support the review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Under Federal Rule of Civil Procedure 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff must plead "enough facts to state a claim that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the sufficiency of a complaint, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the" plaintiff.

**MEMORANDUM DECISION AND ORDER - 2**

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

## ANALYSIS

Ms. Trask's Amended Complaint alleges a discrimination claim pursuant to 18 U.S.C. § 242. This statute, however, is a criminal civil rights statute that does not confer a private right of action. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2005) (18 U.S.C. § 242 is a "criminal statute[ ] that do[es] not give rise to civil liability."). This means Ms. Trask, a private individual, cannot seek relief under this provision. *See e.g.*, *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). Accordingly, Ms. Trask's Complaint is dismissed for failure to state a claim on which relief may be granted.

Courts should "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard should be "applied with extreme liberality," *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987), and leave should only be denied when "it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). Leave to amend should be granted even when no request is made. *See Lopez v. Smith*, 203 F.3d

**MEMORANDUM DECISION AND ORDER - 3**

1122, 1130 (9th Cir. 2000) (en banc). The Court will not grant Ms. Trask leave to amend because further amendment would be futile. *See Hartmann v. Cal Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

The Court previously informed Ms. Trask of the deficiencies in her original Complaint and provided her with an opportunity to cure those deficiencies. *Order*, Dkt. 4. Her original complaint alleged a claim under Title VI of the Civil Rights Act and the Court instructed that to state a claim under the statute she must allege that the Commission receives federal funding and that it engaged in discriminatory conduct. *Id.* at 6. The Amended Complaint does neither and, instead, appears to abandon her Title VI claim entirely.

Ms. Trask's sole allegation is that the Idaho Human Rights Commission "did not file [her] paperwork in time which caused the statute of limitation[s] to run out." *Am. Compl.* at 4, Dkt. 5. She has also submitted supplemental material including the invoice for the desk she purchased from RC Willey as well as a public records request for a police report she filed related to the underlying events. Dkt. 6. This material, however, provides no additional information about her claim against the Commission. The Court finds that amendment would be futile because Ms. Trask cannot state a cognizable claim under 18 U.S.C. § 242. *See e.g., Jones v.*

**MEMORANDUM DECISION AND ORDER - 4**

*Goldburn*, No. CV 20-8204 PA (ASx), 2020 WL 7089956, at *2 (C.D. Cal. Oct. 13, 2020). Accordingly, Ms. Trask's Complaint is dismissed without prejudice and without leave to amend.[1]

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's First Amended Complaint (Dkt. 5) is dismissed without leave to amend.

3. The Clerk is instructed to close this case.

DATED: June 24, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

---

[1] The Court will dismiss Ms. Trask's Complaint without prejudice because "it is not apparent what claims [she] is attempting to raise." *Provino v. Texas Govt.*, No. 3:21-cv-00427-MMD-CLB, 2021 WL 5851453, at *1 (D. Nev. Dec. 9, 2021).

**MEMORANDUM DECISION AND ORDER - 5**